UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| Virginia Polytechnic Institute and State University, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 7-10-CV-00466 |
| v. | ) | (Judge Conrad) |
| | ) | |
| Hokie Real Estate, Inc., | ) | |
| Defendant | ) | |

**PLAINTIFF VIRGINA TECH'S
MEMORANDUM IN OPPOSITION TO
<u>DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS</u>**

Plaintiff Virginia Polytechnic Institute and State University ("Virginia Tech") submits this Memorandum in Opposition to the Defendant's Motion To Dismiss filed on November 17, 2010.

As will be demonstrated, the Complaint filed by Virginia Tech very clearly identifies and sets forth the basis for each of the claims for relief contained in the Complaint.  The defendant's motion is called a Motion To Dismiss, but its motion and memorandum are not limited to the allegations set forth in the Complaint.  The defendant's Motion To Dismiss must fail, because its motion requires and depends on the argument of many facts outside of the Complaint, which, as a matter of law, are not appropriate for consideration in the posture of a Rule 12(b)(6) Motion To Dismiss.

1

The three arguments that have been raised by the defendant will each be addressed and dismissed.  First, the HOKIES trademark is not a generic mark.  The HOKIE term is a distinctive trademark coined, created, owned, and administered by Virginia Tech.  Second, the real estate services of the defendant are closely related to the many services offered by Virginia Tech in connection with its HOKIES trademark. Finally, the semantic battle offered by the defendant with respect to the alleged failure of Virginia Tech to state a dilution claim will fail.  As explained in the Complaint, the HOKIES mark is and has been famous since well before the defendant opened business in 2009.  Further, the defendant's offering for sale of its real estate services constitutes use in commerce by the defendant.

## I. Legal Standard

Virginia Tech takes no serious issue with the legal standard identified by the defendant in their motion regarding a Rule 12(b)(6) Motion To Dismiss.  However, an important aspect of the rule that is substantively overlooked by all of the following arguments of the defendant is that the factual matters recited in the Complaint are accepted as true in a Rule 12(b)(6) Motion To Dismiss.  While this is noted by the defendant in the legal standard portion of its memorandum, it is ignored thereafter as the defendant argues all of the factual statements of the Complaint.

By inserting its own, carefully selected facts into the arguments of its brief, and then by necessarily relying on their own interpretations of those facts, the defendant's memorandum itself proves that a motion to dismiss is not appropriate.  As the Supreme Court has said regarding motions to dismiss:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)  It appears from the defendant's brief that there may be arguments and issues for this Court to decide as this matter progresses.  However, these issues are not matters that are appropriate for dismissal under Rule 12(b)(6).  Virginia Tech is confident with respect to the facts in its favor.  Virginia Tech will point out in this Memorandum the errors of defendant's Rule 12(b)(6) Motion.


II. <u>Argument</u>

The defendant has presented three arguments in support of its motion to dismiss.  Virginia Tech shall address these issues in the order presented.  First, the defendant urges that the term "HOKIE" is generic for real estate services.  This is incorrect as a matter of trademark law.  Second, the defendant urges that the services of the defendant are different from the services of Virginia Tech.  As recited in the Complaint, the services of Virginia Tech include services that are very similar to those of the defendant.  Finally, the defendant argues some semantic shortfalls in the

statement of the trademark dilution claim against the defendant.  As will be demonstrated, the Complaint fully supports a dilution claim against the defendant.

For one or more of the following reasons, the defendant's arguments fail as a matter of law and fact.

A.  The "Hokie" term is descriptive only with respect to describing a person who is a supporter of Virginia Tech.  However, the "HOKIE" mark is uncommon and distinctive with respect to the offer for sale and sale of numerous goods and services by Virginia Tech.

As explained in the Complaint, and as highlighted by the defendant, the term "Hokie" describes a supporter of Virginia Tech.  It is readily apparent that "Hokies" (persons who are supporters of Virginia Tech) get together routinely in Virginia and across the nation for athletic, academic and social gatherings of all sorts.  Many such gatherings are organized by Virginia Tech.  These gatherings are important in fostering a loyal affinity group in association with Virginia Tech.  In fact, Virginia Tech totally agrees up to a point in the defendant's brief that no one can prevent the general public from using the term "Hokie" to refer to persons who are a supporter of Virginia Tech.  Accordingly, the descriptive use of "Hokie" is not only allowed, it is embraced by Virginia Tech.  The Hokie Nation can not get too large.

But the defendant does not use the "Hokie" term in a descriptive way.

The defendant is using the HOKIE mark in a commercial manner.  It is using the mark in a trademark manner in connection with the offer for sale of real estate services.  As set forth in the Complaint, Paragraph 14, this is deemed to be true.

4

Therefore, all of the defendant's arguments regarding some other common non-commercial use of the HOKIE mark by the defendant are not relevant in connection with this motion.

Despite the best and most earnest arguments of the defendant, a person or business is not allowed to appropriate the commercial use of the HOKIE mark simply because they have some affinity to Virginia Tech.  Defendant does not and cannot cite legal support for this claim.

Defendant's specific "generic" arguments are unreasonable on several levels. First, such an argument emasculates all trademark rights held by every university or college, every sports team, and frankly, every business.  Any person or business would be free to use any mark for any purpose simply by claiming to support the business of the owner of the mark.  Second, the existence of trademarks and trademark registrations at all, and especially those owned by any universities and colleges, are proof that defendant's affinity group arguments must fail.  The following is a small sample of university trademarks that are federally registered and that cover respective university nicknames used in commerce with a range of goods and services generally. A copy of these registrations is attached.

| Mark | Registration No. | Trademark Owner |
|------|------------------|-----------------|
| CAVALIERS | 3,092,118 | University of Virginia |
| WAHOOS | 3,259,746 | University of Virginia |
| SPIDERS | 2,947,873 | University of Richmond |
| BLUE DEVILS | 1,411,429 | Duke University |
| VOLUNTEERS | 1,390,743 | University of Tennessee |
| MOUNTAINEERS | 2,613,676 | University of West Virginia |
| TERRAPINS | 2,894,981 | University of Maryland |
| JAYHAWKS | 1,109,715 | University of Kansas |
| LONGHORNS | 1,342,737 | University of Texas |
| GAMECOCKS | 2,590,677 | University of South Carolina |
| GATORS | 1,222,098 | University of Florida |
| BULLDOGS | 2,237,895 | University of Georgia |

It is unreasonable to argue that any business can adopt any university mark simply by making a decision to support that university. The logical extrapolations of the defendant's arguments are extreme and just not believable.

Specifically with respect to this motion to dismiss, the Complaint recites in detail the evolution of the trademark rights that Virginia Tech has in the HOKIES mark. Virginia Tech has established and operates a licensing program with respect to all of the Virginia Tech trademarks including the HOKIES mark. These facts are set forth in Paragraphs 9-13 of the Complaint. There is nothing cursory about the fact of the trademark rights of Virginia Tech in its HOKIES mark. These facts are accepted as true.

Finally, Virginia Tech acknowledges and dismisses the arguments of the defendant with respect to the defendant's own factual interpretation of the use of the HOKIES trademark by Virginia Tech. These arguments, including the alleged third party uses of the HOKIES mark, the so-characterized generic uses of the HOKIES

6

mark by Virginia Tech, are all facts argued by the defendant that are at odds with the Complaint.  Therefore, they must be ignored.  Make no mistake, Virginia Tech in no way agrees with or concedes the factual allegations of defendant in this motion.  However, for simplicity sake, these arguments of the defendant are simply not appropriate for a 12(b)(6) motion when they are contrary to the allegations that are clearly set forth in the Complaint.  Rather than being relevant or appropriate for a decision at this phase, Virginia Tech looks forward to arguing these facts in the substantive phases of this action.  Their dismissal is not appropriate.

The defendant's arguments regarding the alleged generic and unprotectible nature of the HOKIES mark must be dismissed.


B.  <u>The respective real estate services of Virginia Tech and defendant are very similar.</u>

The present Rule 12(b)(6) motion is not an appropriate motion to argue and decide facts about the services offered by both Virginia Tech and defendant and to then compare those services.  This entire argument of the defendant ignores the Rule 12(b)(6) standard that the allegations of the Complaint are accepted as true for this motion.  Virginia Tech does not have to engage at this time in the factual battle about the real estate services that it offers for sale in commerce in connection with the HOKIES mark.

In brief, the defendant argues that the first and third claims for relief in the Complaint should be dismissed, because the services of Virginia Tech and the services of defendant are different. Virginia Tech notes that, for the purposes of this motion, Virginia Tech agrees that the test for trademark infringement claims under federal and Virginia common law are the same. Further, Virginia Tech agrees that the comparison of services is one of multiple factors in the likelihood of confusion analysis that is the framework for deciding trademark infringement. Accordingly, the comparison of the services of Virginia Tech and the defendant will be relevant, among the multiple factors, in the ultimate resolution of this action.

The problem here is that defendant is presenting arguments to refute the plain statements in the Complaint. Defendant seeks to rebut or challenge the specific allegations of Virginia Tech set forth in Paragraphs 12 and 13 regarding Virginia Tech's involvement in various real estate services under the HOKIES mark. The defendant is attempting to refute head on the statements in the first and third claims for relief and the related likelihood of confusion analysis that is part of those claims. These claims are explicitly set forth in Paragraphs 16 and 17 (first claim for relief) and Paragraphs 24 and 25 (third claim for relief). There is a time and place to argue these points. That time is in the substantive phase of this case. The factual arguments of defendants are not relevant to this Motion to Dismiss.

Virginia Tech acknowledges and dismisses the arguments of defendant that the HOKIES mark is generic. Virginia Tech acknowledges that the defendant has cited a long list of cases where trademarks are distinguished as a result of the specific

differences between the goods and services in those respective cases.  However, none of those cases is analogous factually to the pleading in this case.  Also, the defendant's list of cases is of course intended to create the impression that dismissal is common.  On the contrary, courts note that motions to dismiss are actually disfavored and seldom granted. Gucci v. Hall, 135 F. Supp 2d 409 (S.D.N.Y. 2001).

Finally, defendant challenges the allegations of the HOKIE HOME program of Virginia Tech.  This program, as stated in the Complaint, has not been very active.  However, the Complaint never states that this program is abandoned.  Virginia Tech has never stated that there was no use of the HOKIE HOME mark.  Defendant is not entitled to carve a factual or legal conclusion out of the language that simply is not there.  The facts of the Virginia Tech HOKIE HOME program and its ongoing activities are facts for discovery and trial and the substantive motions between now and then.

The bottom line is this.  The Rule 12(b)(6) Motion on the basis that the HOKIE services of Virginia Tech and defendant are different must be denied.  The defendant is not entitled to make up and argue facts at this stage.  If they want to argue differences between the respective services, then there will be plenty of time and opportunity to do so later.

C. Virginia Tech has clearly stated a claim for relief as a result of trademark dilution in its second claim for relief.

The defendant's arguments regarding failure to state a trademark dilution claim are based solely on semantic technicalities.  The facts that are recited in the Complaint clearly define a senior famous use of the HOKIES mark by Virginia Tech.  Additionally, the allegations clearly identify a commercial use of the infringing trademark by the defendant.

1. The junior use of the infringing mark by the defendant is identified in the Complaint.

The defendant urges that there is no allegation of the junior use by the defendant of the infringing and diluting HOKIE REAL ESTATE mark.  On the contrary, Plaintiff notes the description of the use of the HOKIES mark by Virginia Tech in connection with a broad range of goods and services has occurred over "many years."  See Paragraphs 8-13 of the Complaint.  All of the facts of use by Virginia Tech of the HOKIES mark predate the initial 2009 use date admitted by the defendant.  Importantly, even the specific HOKIE HOME usage has been referred to in the Complaint and began in 2005.  It is evident from all the facts alleged in the Complaint that defendants use of the infringing and diluting mark is after the HOKIES mark became famous.

10

2. <u>The Complaint alleges the commercial use of the offending mark by the</u> <u>defendant.</u>

The services of the defendant that are at issue in this case are real estate services. In the commercial world, real estate services are evidenced by the offer for sale of real property. This offer for sale can be an outright sale or, additionally, may include rental of real property. In its motion, the defendant has admitted that it began the offer for sale of these services in 2009. This offer for sale of real estate services is, in the context of real estate services, a commercial use of the HOKIES mark. The offer for sale of real estate is the business of real estate services. The recitation in the Complaint that the defendant is offering for sale its real estate services is the explicit recitation of commercial use of the mark by the defendant.

3. <u>The trademark dilution claim is supported by the Complaint</u>

Virginia Tech is confident that its Complaint sets forth a claim of dilution by blurring as a result of the unauthorized activities of the defendant. However, in the event that this Court finds any technical deficiency with respect to that claim, then Virginia Tech requests leave to file an amended complaint. There is no doubt that the facts of this matter support an anti dilution claim. If there is deemed to be any deficiency, then Virginia Tech will simply file an amended complaint to solve this concern.

III.    Conclusion

Virginia Tech is confident that the motion to dismiss by the defendant should

be denied in all respects.  The defendant is improperly trying to use the setting of a

Rule 12(b)(6) motion to argue substantive defenses in this matter.  This is improper at

this time.

For any one or more of the foregoing reasons described herein.  This motion to

dismiss must be denied.

Respectfully submitted,

John H. Thomas
Attorney for Plaintiff

Dated: December 1, 2010

THOMAS & KARCESKI, P.C.
536 Granite Avenue
Richmond, Virginia  23226
Phone:  (804) 344-8130
Facsimile:  (804) 644-3643
Jthomas@ip-counsel.net

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 1st day of December, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> James R. Creekmore, Esq.
> Keith Finch, Esq.
> Brian S. Wheeler, Esq.
> Attorneys for Defendant Hokie Real Estate, Inc.
> THE CREEKMORE LAW FIRM PC
> 106 Faculty Street
> Blacksburg, Virginia  24060
> james@creekmorelaw.com
> keith@creekmorelaw.com
> brian@creekmorelaw.com

> _____
> John H. Thomas
> Attorney for Plaintiff
> THOMAS & KARCESKI, P.C.
> 536 Granite Avenue
> Richmond, Virginia  23226
> Jthomas@ip-counsel.net

13

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 3,092,118

Registered May 16, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# CAVALIERS

RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA (VIRGINIA PUBLIC CORPORA-TION)
UNIVERSITY OF VIRGINIA
CHARLOTTESVILLE, VA 22901

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF SPORTING COMPETITIONS AND EVENTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1948; IN COMMERCE 0-0-1948.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 76-640,246, FILED 6-6-2005.

RUDY R. SINGLETON, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cls.: 100, 101 and 107

Reg. No. 3,259,746

## United States Patent and Trademark Office

Registered July 10, 2007

## SERVICE MARK
### PRINCIPAL REGISTER

# WAHOOS

RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA (VIRGINIA PUBLIC CORPORATION)
UNIVERSITY OF VIRGINIA
CHARLOTTESVILLE, VA 22901

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF SPORTING COMPETITIONS AND EVENTS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1893; IN COMMERCE 0-0-1893.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 76-640,245, FILED 6-6-2005.

RUDY R. SINGLETON, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Amended

Reg. No. 2,947,873

Registered May 10, 2005

OG Date Dec. 19, 2006

## TRADEMARK
## PRINCIPAL REGISTER

# SPIDERS

UNIVERSITY OF RICHMOND (VIRGINIA CORPORATION)
MARYLAND HALL, ROOM 202A
UNIVERSITY OF RICHMOND, VA 23173

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,665,931, 2,676,942 AND OTHERS.

FOR: T-SHIRTS, HATS, VISORS, SWEATSHIRTS, SWEATPANTS, SKIRTS, PAJAMAS, TANK TOPS, GOLF SHIRTS, SHORTS, JACKETS, SOCKS, SHOES, CLOTH BIBS, AND WINDSHIRTS * ALL SOLD OR DISTRIBUTED IN CONNECTION WITH THE PROMOTION OF THE UNIVERSITY OF RICHMOND *, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-1-1977; IN COMMERCE 12-1-1977.

SER. NO. 78-362,898, FILED 2-5-2004.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Dec. 19, 2006.*

**DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE**

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,411,429
Registered Sep. 30, 1986

## TRADEMARK
### PRINCIPAL REGISTER

## BLUE DEVILS

DUKE UNIVERSITY (NORTH CAROLINA NONPROFIT CORPORATION)
DURHAM, NC 27706

FOR: MEN'S, WOMEN'S AND CHILDREN'S CLOTHING, NAMELY SHIRTS, PANTS, JACKETS, SOCKS, BIBS AND HEADWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 0–0–1949; IN COMMERCE 0–0–1949.

SER. NO. 587,834, FILED 3–13–1986.

ERIC WACHSPRESS, EXAMINING ATTORNEY

Int. Cls.: 16, 21 and 25

Prior U.S. Cls.: 2, 33, 38 and 39

Reg. No. 1,390,743

## United States Patent and Trademark Office

Registered Apr. 22, 1986

### TRADEMARK
### PRINCIPAL REGISTER

## VOLUNTEERS

UNIVERSITY OF TENNESSEE, THE (TENNES-
SEE CORPORATION)
800 ANDY HOLT TOWER, THE UNIVERSITY
OF TENNESSEE
KNOXVILLE, TN 37996

FOR: WINDOW STICKERS, IN CLASS 16
(U.S. CL. 38).
FIRST USE 0–0–1936; IN COMMERCE
0–0–1936.
FOR: GLASS MUGS, IN CLASS 21 (U.S. CLS.
2 AND 33).

FIRST USE 0–0–1962; IN COMMERCE
0–0–1962.
FOR: KNIT SHIRTS, IN CLASS 25 (U.S. CL.
39).
FIRST USE 0–0–1936; IN COMMERCE
0–0–1936.
OWNER OF U.S. REG. NO. 1,184,889.

SER. NO. 501,198, FILED 9–26–1984.

HENRY S. ZAK, EXAMINING ATTORNEY

Int. Cls.: 25 and 41

Prior U.S. Cls.: 22, 39, 100, 101 and 107

Reg. No. 2,613,676

## United States Patent and Trademark Office

Registered Sep. 3, 2002

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## MOUNTAINEERS

BOARD OF TRUSTEES FOR THE UNIVERSITY OF WEST VIRGINIA (WEST VIRGINIA STATUTORY CORPORATION)
1018 KANAWHA BOULEVARD EAST, SUITE 700
CHARLESTON, WV 25301

FOR: CLOTHING, NAMELY, T-SHIRTS, SWEATSHIRTS, POLO SHIRTS, CAPS AND JACKETS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1985; IN COMMERCE 0-0-1985.

FOR: EDUCATIONAL SERVICES, NAMELY, PROVIDING COURSES OF INSTRUCTION AT THE COLLEGE AND GRADUATE LEVELS; PRO-VIDING FACILITIES FOR COLLEGIATE SPORTING EVENTS, NAMELY, BASKETBALL, FOOTBALL AND BASEBALL GAMES; ENTERTAINMENT IN THE NATURE OF COLLEGIATE SPORTS, NAMELY, BASKETBALL, FOOTBALL AND BASEBALL, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 0-0-1915; IN COMMERCE 0-0-1915.

SER. NO. 75-716,135, FILED 5-24-1999.

SCOTT OSLICK, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,894,981
Registered Oct. 19, 2004

**TRADEMARK**
**PRINCIPAL REGISTER**

# TERRAPINS

UNIVERSITY OF MARYLAND (MARYLAND PUBLIC CORPORATION AND INSTRUMEN-TALITY)
2101 MAIN ADMINISTRATION
COLLEGE PARK, MD 20742

FOR: CLOTHING, NAMELY, T-SHIRTS, SWEAT-SHIRTS, CAPS, SHORTS SWEAT PANTS, AND JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1933; IN COMMERCE 0-0-1933.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 76-556,836, FILED 11-5-2003.

DAVID H. STINE, EXAMINING ATTORNEY

Int. Cl.: 41

Prior U.S. Cl.: 107

Reg. No. 1,109,715

**United States Patent and Trademark Office**

Registered Dec. 19, 1978

10 Year Renewal

Renewal Term Begins Dec. 19, 1998

## SERVICE MARK
## PRINCIPAL REGISTER

## JAYHAWKS

UNIVERSITY OF KANSAS, THE (UNITED STATES STATE AGENCY)
245 STRONG HALL
THE UNIVERSITY OF KANSAS
LAWRENCE, KS 66045

FOR: OFFERING COURSES AT THE COLLEGE AND GRADUATE LEVEL, ALSO PROVIDING INTERCOLLE-GIATE ATHLETIC EXHIBITIONS; ALSO, PRESENTING THEATER AND CONCERT PRODUCTIONS, IN CLASS 41 (U.S. CL. 107).

FIRST USE 0-0-1887; IN COMMERCE 0-0-1887.

SER. NO. 73-141,138, FILED 9-14-1977.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Apr. 6, 1999.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 41

Prior U.S. Cl.: 107

**Reg. No. 1,109,715**

## United States Patent and Trademark Office

**Registered Dec. 19, 1978**

## SERVICE MARK
### Principal Register

# JAYHAWKS

The University of Kansas
233 Strong Hall
Lawrence, Kans.   66045

For: OFFERING COURSES AT THE COLLEGE AND GRADUATE LEVEL, ALSO PROVIDING INTERCOLLEGIATE ATHLETIC EXHIBITIONS; ALSO, PRESENTING THEATER AND CONCERT PRODUCTIONS, in CLASS 41 (U.S. CL. 107).

First use 1887; in commerce 1887.

Ser. No. 141,138, filed Sept. 14, 1977.

Int. Cls.: 21 and 25

Prior U.S. Cls.: 2, 30, 33 and 39

## United States Patent and Trademark Office

Reg. No. 1,342,737
Registered June 18, 1985

## TRADEMARK
### PRINCIPAL REGISTER

## LONGHORNS

BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM (TEXAS STATE AGENCY)
201 WEST 7TH STREET
AUSTIN, TX 78701

FOR: COLLEGE IMPRINTED DRINKING GLASSES, CUPS, JIGGERS AND SHOT GLASSES, NOT OF PRECIOUS METAL, IN CLASS 21 (U.S. CLS. 2, 30 AND 33).

FIRST USE 9-0-1982; IN COMMERCE 9-0-1982.

FOR: COLLEGE IMPRINTED SHIRTS, T-SHIRTS, SWEATERS, JACKETS, CAPS, WARM-UP PANTS, RAINCOATS, PONCHOS, HAT BANDS AND SWEAT BANDS, IN CLASS 25 (U.S. CL. 39).

FIRST USE 4-0-1982; IN COMMERCE 4-0-1982.

OWNER OF U.S. REG. NO. 1,231,408.

SER. NO. 496,763, FILED 8-27-1984.

JAMES F. BROWNE, EXAMINING ATTORNEY

Int. Cls.: 6, 14, 16, 18, 20, 21, 24, 25 and 28

Prior U.S. Cls.: 1, 2, 3, 5, 12, 13, 14, 22, 23, 25, 27, 28, 29, 30, 32, 33, 37, 38, 39, 40, 41, 42 and 50

**Reg. No. 2,590,677**

## United States Patent and Trademark Office

Registered July 9, 2002

## TRADEMARK
### PRINCIPAL REGISTER

## GAMECOCKS

UNIVERSITY OF SOUTH CAROLINA (SOUTH CAROLINA STATE AGENCY)
109 OSBORNE ADMINISTRATION BUILDING
COLUMBIA, SC 29208

FOR: METAL KEY CHAINS AND METAL LI-CENSE PLATES, IN CLASS 6 (U.S. CLS. 2, 12, 13, 14, 23, 25 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: JEWELRY; NAMELY, EARRINGS, CHARMS, NECKLACES AND PENDANTS, TIE TACKS, CUFF LINKS, CLOCKS, AND WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: PAPER GOODS AND PRINTED MATTER; NAMELY, STICKERS, BUMPER STICKERS, DEC-ALS, NOTEBOOKS, SPIRAL NOTEBOOKS, AND PAPER PENNANTS; DRY ERASE BOARDS, PENS AND PENCILS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: BACKPACKS, FANNY PACKS, TOTE BAGS, DOG COLLARS AND DOG LEASHES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: NON-METAL KEY CHAINS AND STA-DIUM SEAT CUSHIONS, IN CLASS 20 (U.S. CLS. 2, 13, 22, 25, 32 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: SPORT BOTTLES SOLD EMPTY, PLASTIC COASTERS, INSULATING SLEEVE HOLDERS FOR BEVERAGE CANS, DRINKING GLASSES, BEER MUGS, SHOT GLASSES, EARTHENWARE MUGS, AND WASTEPAPER BASKETS, IN CLASS 21 (U.S. CLS. 2, 13, 23, 29, 30, 33, 40 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: CLOTH PENNANTS, FLAG, AND GOLF TOWELS, IN CLASS 24 (U.S. CLS. 42 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: CLOTHING; NAMELY, BANDANNAS, T-SHIRTS, SHORTS, SWEATERS, RAIN COATS, SWEATSHIRTS, SWEATPANTS, GOLF SHIRTS, JACKETS, BASEBALL HATS, AND UNIVERSITY ATHLETIC TEAM JERSEYS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

FOR: GOLF TEES, BASKETBALLS, SOCCER BALLS, BASEBALLS, DECORATIVE WIND SOCKS, AND STUFFED TOY ANIMALS, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 0-0-1958; IN COMMERCE 0-0-1958.

OWNER OF U.S. REG. NO. 2,065,288.

SER. NO. 76-108,952, FILED 8-14-2000.

WON TEAK OH, EXAMINING ATTORNEY

Int. Cls.: 41 and 42

Prior U.S. Cls.: 102 and 107

## United States Patent and Trademark Office

Reg. No. 1,222,098
Registered Dec. 28, 1982

### SERVICE MARK
**Principal Register**

# GATORS

University Athletic Association, Inc. (Florida corporation)
P.O. Box 14485
Gainesville, Fla. 32604

For: ENTERTAINMENT SERVICES—NAMELY, CONDUCTING INTERCOLLEGIATE ATHLETIC EVENTS FOR OTHERS, in CLASS 41 (U.S. Cl. 107).
First use 1955; in commerce 1955.
For: RETAIL STORE STORES, DISTRIBUTORSHIP SERVICES AND MAIL OR-

DER SALES SERVICES, IN THE FIELD OF WEARING APPAREL AND ACCESSORIES, NOVELTY ITEMS AND JEWELRY, in CLASS 42 (U.S. Cl. 102).
First use 1955; in commerce 1955.

Ser. No. 273,111, filed Aug. 6, 1980.

ROBERT PEVERADA, Examining Attorney

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,237,895

## United States Patent and Trademark Office

Registered Apr. 13, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## BULLDOGS

UNIVERSITY OF GEORGIA ATHLETIC ASSO-
CIATION, INC. (GEORGIA CORPORATION)
1 SELIG CIRCLE
ATHENS, GA 30602

FOR: CLOTHING, NAMELY BOXER
SHORTS, CAPS, COATS, FOOTWEAR, HATS,
INFANTWEAR, JACKETS, JERSEYS, PANTS,
RAINWEAR, SHIRTS, SHOES, SHORTS,
SWEATPANTS, SWEAT SHIRTS, SWEAT

SUITS, SWEATERS, T-SHIRTS, TIES AND
VISORS, IN CLASS 25 (U.S. CLS. 22 AND 39).
FIRST USE 0-0-1967; IN COMMERCE
0-0-1967.

SER. NO. 75-004,818, FILED 10-12-1995.

DAVID C. REIHNER, EXAMINING ATTOR-
NEY

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,411,429
Registered Sep. 30, 1986

## TRADEMARK
## PRINCIPAL REGISTER

## BLUE DEVILS

DUKE UNIVERSITY (NORTH CAROLINA NONPROFIT CORPORATION)
DURHAM, NC 27706

FOR: MEN'S, WOMEN'S AND CHILDREN'S CLOTHING, NAMELY SHIRTS, PANTS, JACKETS, SOCKS, BIBS AND HEADWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 0-0-1949; IN COMMERCE 0-0-1949.

SER. NO. 587,834, FILED 3-13-1986.

ERIC WACHSPRESS, EXAMINING ATTORNEY